**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

WILLIAM APHONSO EMERSON, JR., * <br>
 # 353-574 * <br>
 * <br>
Plaintiff, * <br>
 * <br>
v. * Civil Action No. PWG-15-2239 <br>
 * <br>
JAMES WICKLESS, Baltimore County * <br>
 Police Department, * <br>
BRIAN WOLF, Baltimore County Police * <br>
 Department, * <br>
STEVEN MORANO, Baltimore County Police * <br>
 Department * <br>
 * <br>
Defendants. * <br>
***

**MEMORANDUM OPINION**

William Aphonso Emerson, a self-represented plaintiff, filed this Complaint and a Motion to Proceed in Forma Pauperis on July 29, 2015. His financial statement demonstrates he is indigent and the Motion to Proceed in Forma Pauperis will be granted for the purpose of preliminary screening of the Complaint.

The in forma pauperis statute, codified at 28 U.S.C. §§ 1915 and 1915A, requires courts to dismiss the cases of self-represented plaintiffs proceeding in forma pauperis which fail to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). Complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.

*Erickson*, 551 U.S. at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Liberal construction, however, does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Emerson brings this § 1983 action against Defendants for violations of his Constitutional rights under the Fourth and Fourteenth Amendments. (ECF No. 1). He claims that on March 17, 2008, Defendants conducted an "illegal traffic stop," jailed him for 5½ hours, and impounded his vehicle. One year later, the Honorable Richard S. Bernhardt, sitting in the Circuit Court for Howard County,[1] ruled the stop was made without probable cause. Emerson is seeking $796,000 in damages and other redress the Court deems just. *Id.*

The statute of limitations applied in actions brought under 42 U.S.C. § 1983 is the statute of limitations for personal injury torts. *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999). In Maryland, the general three-year statute of limitations applies to these causes of action. Md. Code Ann., Cts. & Jud. Proc. § 5–101; *see also Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). Federal law governs the question of when a cause of action accrues under 42 U.S.C. § 1983. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Generally speaking, the running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. *Id.* Under the facts presented, Emerson's cause of action accrued on or about March 17, 2009, when the traffic stop was determined to have been made without probable cause. More than six years

[1] It is not stated why the Baltimore County police made the arrest and the case was heard in Howard County.

later, Emerson filed this Complaint. Emerson does not provide any reasons to excuse his belated and untimely filing.

Accordingly, this case will be dismissed by separate Order to follow.

10092015
Date

Paul W. Grimm
United States District Judge